[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] REFEREE'S REPORT RE: EQUITABLE DISTRIBUTION OF EXCESS TAX SALE PROCEEDS
 Facts 
The applicant, Republic Credit Corporation (Republic), seeks the payment of $366,658.37, which represents the amount deposited with the court following a tax sale pursuant to General Statutes § 12-157. The tax sale was the result of the alleged failure of the defendants Joseph A. Caldrello and Sandra Caldrello to pay taxes on the subject property to the city of New London.
The subject property is located at 929 and 939 Pequot Avenue in New London. On June 30, 1998, the city of New London sold the property at a tax sale pursuant to General Statutes § 12-157 (c).[1] Republic's predecessor in interest, the Federal Deposit Insurance Corporation (FDIC), as highest bidder on the property, paid the tax collector of the city of New London $590,000 for the property. The amount paid by the FDIC exceeded the amount of all delinquent taxes, interest, penalties, fees and costs by a sum of $366,658.37. Nobody redeemed the properties pursuant to § 12-157 (f)[2] and the deed conveying the property to the FDIC was filed in the New London land records on July 1, 1999. The tax collector deposited the sum of $366,658.37 with the clerk of this court pursuant to § 12-157 (i)(1)(B)[3] on or about July 26, 1999.
On October 25, 1999, the FDIC commenced the present action for return of the excess tax sale proceeds pursuant to § 12-157 (i)(2). On April 19, 2000, the defendants Joseph A. Caldrello and Sandra Caldrello filed an amended answer including four special defenses and a counterclaim. In the first special defense, the Caldrellos allege that the underlying tax sale was defective in that not all persons claiming an interest in the property were named as defendants. In the second special defense, the Caldrellos allege that the present action is premature because the amount of the plaintiff's lien is still being litigated in a separate foreclosure proceeding. In the third special defense, the Caldrellos allege that the plaintiff caused the circumstances under which the city of New London commenced the tax sale, and that the plaintiff therefore is not equitable entitled to any of the proceeds of the sale. In the fourth special defense, the Caldrellos allege that the subject property was improperly singled out for sale at a time when other taxpayers owed more back taxes. In the counterclaim, the Caldrellos allege that Sandra Caldrello is entitled to the excess proceeds of the sale because no other defendants have an interest in the property superior to hers. CT Page 5637
On March 9, 2000, the FDIC filed, and the court, Martin, J., granted, a motion for appointment of a state referee to hear the case. On July 18, 2000, Republic filed a motion for substitution of itself as applicant in the place of the FDIC. The court, Hendel, J., granted the motion on the same day. On October 29, 2001, Republic filed a motion seeking an order that the excess tax sale proceeds be paid to it, or in the alternative, that the referee hold a hearing on the matter. The motion also seeks the lifting of a stay. The motion is supported by a memorandum of law. The Caldrellos filed an objection to Republic's motion on November 13, 2001. The hearing on Republic's application was held on January 30, 2002.
 Discussion 
As an initial matter, the court will address Republic's motion to lift the stay that allegedly exists in this case. It is not clear whether such a stay ever existed. Although the parties represent that a stay is currently in effect, the court file does not contain anything indicating that a motion for a stay was ever filed or granted. The representations made by the parties in their memoranda and at the hearing indicate that some type of informal stay was agreed upon at an earlier status conference held by a judge whose identity the parties do not recall.[4]
Despite the lack of any record indicating a stay in this matter, the court will now consider the Caldrellos' argument that the case should be stayed pending the outcome of a related foreclosure action.
In the foreclosure action, this court entered a judgment of strict foreclosure in favor of the FDIC. See Federal Deposti Ins. Corp. v.Caldrello, Superior Court, judicial district of New London at New London, Docket No. 511581 (October 7, 1999, Purtill, J.T.R.). The Appellate Court affirmed the judgment in Federal Deposit Ins. Corp. v.Caldrello, 68 Conn. App. 68 (2002). The Supreme Court has now denied certification to appeal. See Federal Deposit Ins. Corp. v. Caldrello,260 Conn. 903 (2002). As there is no longer an appeal pending in the foreclosure action and the judgment of strict foreclosure is final, the court finds that there is no basis for a stay in the present case. If any stay was granted in the past, it is hereby lifted.
The Caldrellos further claim that the court may not make any determination on the merits of this case at this time because no trial on the merits has been scheduled. In evaluating this claim, the court notes that Republic makes its application pursuant to General Statutes §12-157 (i)(2), which provides in relevant part: "If the tax collector pays to the court any moneys pursuant to subparagraph (B) of subdivision (1) of this subsection, the delinquent taxpayer, any mortgagee, lienholder or other encumbrancer whose interest in such property is CT Page 5638 affected by the sale may, within ninety days of the date the tax collector paid the moneys to the court, file an application with the court for return of the proceeds. Any person may make an application for payment of moneys deposited in court as provided for in this subsection to the superior court for the judicial district in which the property that is the subject of the proceedings referred to is located, or if said court is not in session to any judge thereof, for a determination of the equity of the parties having an interest in such moneys. . . . The court or judge upon such motion or upon its own motion may appoint a state referee to hear the facts and to make a determination of the equity of the parties in such moneys. Such referee, after providing at least ten days' notice to the parties interested of the time and place of hearing, shall hear the applicant and any parties interested, take such testimonies as such referee deems material and determine the equities of the parties having a record interest in such moneys and immediately report to the court or judge."
Thus, the relevant statute explicitly authorizes the court to appoint a referee to hear the plaintiff's application, and for the referee to preside over a hearing after providing at least ten days' notice to the parties. The Caldrellos do not claim that they were not given ten days' notice of the January 30, 2002 hearing in this matter. Nor have they produced any authority indicating that § 12-157 does not set forth the proper procedures to be followed in this case. The referee will therefore proceed to address the merits of Republic's application.
The only parties appearing at the hearing were Republic, the Caldrellos and Lawrence J. Patton. Each of these parties presented oral argument including various assertions of fact. At the time of the hearing, none of the parties presented any evidence by way of testimony or otherwise. The Caldrellos did hand a few documents to the court, but did not request that these documents be marked or admitted in evidence. Nor did the Caldrellos offer any testimony to authenticate the documents. With its memorandum of law, Republic has submitted to the court the sworn affidavit of Gale Kosto, who was the attorney representing the FDIC in this action.
Republic claims that it is entitled to the excess proceeds of the tax sale because of its position as mortgagee of the subject property. Gale Kosto's affidavit indicates the following facts. The FDIC had a mortgage interest in the subject property by virtue of a note and mortgage executed by the Caldrellos on November 22, 1988. The Caldrellos made only two payments and that the note subsequently went into default. After the judgment of strict foreclosure entered on October 7, 1999; see FederalDeposit Ins. Corp. v. Caldrello, supra, Superior Court, Docket No. 511581; Republic purchased all of the FDIC's title and interest in the CT Page 5639 property.
This court's memorandum of decision in the foreclosure matter indicates that the total debt owing on the note as of October 7, 1999 was $3,901,218.46 and the value of the property was $1,122,000.00. Id. The Caldrellos have not offered any evidence in the present case indicating that the remaining debt on the note has been repaid. The court therefore concludes that the Caldrellos remain indebted to Republic on the mortgage note in an amount exceeding the excess amount of tax sale proceeds deposited with the court.
The Caldrellos claim, however, that they, rather than Republic, are entitled to receive the excess money deposited with the court. Although nearly three years have passed since the funds were deposited with the court, the Caldrellos have failed to file an application pursuant to § 12-157 (i)(2). By failing to file an application, the Caldrellos have waived their right to claim the excess sale proceeds. See Kenney v.Adams, Superior Court, judicial district of Middlesex, Docket No. 092832 (October 25, 2000, Arena, J.). Nevertheless, the Caldrellos claim that their counterclaim should be considered as an application under §12-157 (i)(2). The counterclaim was filed on April 19, 2000, some nine months after the money was deposited with the court, and well outside the ninety day time limitation in § 12-157 (i)(2). Even if the counterclaim were sufficient to constitute an application under §12-157, the Caldrellos are not entitled to receive the excess sale proceeds for the following reasons.
As stated above, the Caldrellos have pleaded a number of special defenses. They claim: (1) that the underlying tax sale was defective because not all interested persons were given notice of the sale; (2) that this action is premature because the amount of Republic's lien is still being litigated in the foreclosure action; (3) that the FDIC, Republic's predecessor in interest, caused the circumstances leading to the tax sale; and (4) that the subject property was improperly singled out for a tax sale at a time when other taxpayers owed more back taxes. The second of these claims has no merit because, as discussed above, the trial court's judgment in the foreclosure case has now been affirmed by the Appellate Court, and the Supreme Court has denied certification. SeeFederal Deposit Ins. Corp. v. Caldrello, 68 Conn. App. 68, cert. denied,260 Conn. 903 (2002). As to the other special defenses, the Caldrellos have offered no evidence whatsoever to support their claims.
In addition to their special defenses, the Caldrellos raise a number of other claims. First, the Caldrellos argue that the FDIC transferred its interest in the property in violation of procedures set forth in12 U.S.C. § 1825 (b).[5] Specifically, the Caldrellos claim that CT Page 5640 the FDIC did not give them proper notice as required by the statute. This claim has not been pleaded by the Caldrellos. Even if the claim were properly before the court, however, 12 U.S.C. § 1825 (b) says nothing about the FDIC's power to transfer property, nor does it require the FDIC to give anyone notice. See footnote 4 of this opinion. Moreover, the Caldrellos have offered no evidence in support of their claim. The argument relating to 12 U.S.C. § 1825 (b) is therefore entirely without merit.
Additionally, the Caldrellos claim that Republic is not a holder in due course of the mortgage note because the person purporting to execute the assignment of the FDIC's interest in the subject property to Republic lacked authority to do so. This claim has not been pleaded or briefed. Furthermore, the Caldrellos have not offered any evidence in support of this claim.[6] For these reasons, the court will not consider this claim.
The Caldrellos have failed to show any reason why they are equitably entitled to return of the tax sale proceeds.
Also appearing at the hearing was Lawrence J. Patton. Patton represented to the court that he had lost $66,434.90 as a result of certain business dealings with Joseph A. Caldrello. Patton did not present any evidence at the hearing. Furthermore, Patton has not filed an application pursuant to § 12-157 (i)(2). For these reasons, Patton is not entitled to the excess tax proceeds.
 Conclusion
Republic has properly applied for return of the excess tax sale proceeds pursuant to General Statutes § 12-157 (i)(2). The Caldrellos remain indebted to Republic on the mortgage note in an amount exceeding the excess tax sale proceeds deposited with the court. Joseph A. Caldrello, Sandra Caldrello and Lawrence J. Patton have failed to file applications for the proceeds and have failed to demonstrate that they are equitably entitled to payment of the proceeds. Accordingly, Republic is equitably entitled to payment of the full amount of $366,658.37 held by the court.
Joseph J. Purtill Judge Trial Referee